**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) |
| | ) Case No. |
| | ) 5:13-CR-00081-H-1 |
| | ) |
| **ERWIN ANTONIO RIOS,** | ) |
| **Defendant.** | ) |

_____

**SENTENCING HEARING**
**BEFORE SENIOR JUDGE MALCOLM J. HOWARD**
**OCTOBER 8, 2013; 1:16 P.M.**
**GREENVILLE, NORTH CAROLINA**

_____

**FOR THE GOVERNMENT:**

_Jason M. Kellhofer_
U.S. Attorney's Office
310 New Bern Avenue, Suite 800
Raleigh, North Carolina  27601-1461

**FOR THE DEFENDANT:**

_A. Robert Bell, III_
_Christopher J. Locascio_
Federal Public Defender's Office
150 Fayetteville Street, Suite 450
Raleigh, North Carolina  27601

**PROBATION OFFICER:**  Gabe Hardison


        Proceedings recorded by mechanical stenography,
transcript produced by computer.

_____

**DAVID J. COLLIER, RMR, CRR**
FEDERAL OFFICIAL COURT REPORTER
413 MIDDLE STREET
NEW BERN, NC  28560

```
1              P R O C E E D I N G S
2                  - - - o0o - - -
3        THE COURT:  All right.  In the case of Erwin Antonio
4   Rios, let the record reflect Mr. Rios is present with his
5   counsel, Mr. Robert Bell, and counsel for the United States,
6   Mr. Kellhofer --
7        MR. KELLHOFER:  Yes, Your Honor.
8        THE COURT:  -- is present.
9        This is a sentencing hearing.  This Court will follow
10  the dictates of the case of United States versus Hughes decided
11  by the Fourth Circuit some years back, which provides that a
12  District Court shall calculate and make the appropriate
13  findings of fact as to the advisory guidelines and then it will
14  consider the advisory guidelines as well as the factors in
15  3553(a) before imposing a sentence.  If the Court were to
16  impose a sentence outside the guideline range then it would
17  state its reasons for doing so.
18       Now, in accordance with Hughes then to establish the
19  guideline range in Mr. Rios' case, Mr. Bell, there were
20  objections to historical matters such as his alias and that he
21  didn't desire to kidnap anyone, but none of that had any impact
22  on the advisory guidelines, did it?
23       MR. BELL:  That's correct, Your Honor.  We don't need
24  to be heard on those.
25       THE COURT:  They will remain in the record for
```

1  Mr. Rios' information, part of the record, but there's no
2  ruling on them and no impact.
3        Mr. Bell, are there any other objections by the
4  defendant, to your knowledge, sir?
5        MR. BELL:  No, Your Honor.
6        THE COURT:  Mr. U.S. Attorney, does the Government
7  have any objections to the advisory guidelines in this case?
8        MR. BELL:  No, Your Honor.
9        THE COURT:  Then, annunciating them, the total
10  offense level in Mr. Rios' case of possession of a stolen
11  firearm is 29, and the criminal history category is VI, the
12  highest.  The guideline range would be 151 to 188 months;
13  however, there's a statutory max of 120, so that would be the
14  new guideline.  Probation is precluded.  The supervised release
15  term is one to three years.  The fine range is 15,000 to
16  150,000, restitution is not an issue, and the special
17  assessment is $100.
18        Mr. Bell or Mr. Locascio, any objections to those
19  ranges?
20        MR. BELL:  No, Your Honor.
21        THE COURT:  Mr. U.S. Attorney?
22        MR. KELLHOFER:  No, sir.
23        THE COURT:  I find that those are correct.
24        All right.  Mr. Rios, who is going to do the
25  argument, Mr. Locascio or Mr. Bell?

1          MR. BELL:  I will, Your Honor.

2          THE COURT:  Mr. Locascio, you all may be seated.

3          MR. LOCASCIO:  Thank you, Your Honor.

4          THE COURT:  Now, I'm familiar with Mr. Rios to the

5     extent his background is in the presentence report, Mr. Bell.

6          Mr. Rios is 20 years old.  He has already accumulated

7     a significant criminal record, which is acknowledged in his

8     status as a VI, the highest level of criminal history.

9          I'm concerned about his posture.  I'm concerned about

10    his alleged, I assume, disdain for the United States Government

11    and his loyalty to Islam, his public or otherwise known

12    statements of desire to rob and kidnap military families, rob

13    armored vehicles, detonate bombs, and his statement that it was

14    justifiable to kill a United States soldier all troubles me.

15         What should I do in this case and why?  I'm faced

16    with a max of 120 months.  Where do we go, Mr. Bell?

17         MR. BELL:  Your Honor, as you just stated, there is a

18    statutory maximum of 120 months in this case.  We do not have a

19    formal variance or departure argument today for you.  We

20    understand his guideline range is significantly higher than the

21    statutory maximum in this case, so we just wanted Your Honor to

22    understand the timeline of the events, that Mr. Rios

23    understands the severity of his crime, he very quickly accepted

24    responsibility for the crime and asked us on his behalf to

25    negotiate a plea deal for him.  That's what we did.  He came in

1  through a criminal information, so even in the very early

2  stages, before we had significant discovery, he wanted to

3  accept -- plead guilty and accept responsibility and that's

4  what he did, so we wanted the Court to be aware of that.

5         You've got his record in front of you.  He is

6  20 years old.  I've had a number of conversations with him

7  about what happened here and what he wants to do, you know,

8  going forward in the future.  He does not want to spend the

9  rest of his life in prison.  He knows that he's going to get

10 out from this and he wants to have a family and really get

11 things back on the right track.

12        He's hopeful that the Court will recommend vocational

13 training.  He does have his GED already.  He may pursue some

14 educational and vocational opportunities in prison, and then he

15 just wants to be a working member of society going forward when

16 he's released, and that's really all we have.

17        We know your hands are somewhat tied because of the

18 high guideline range and the stat max here, and so we would

19 just ask the Court to impose a sentence within the statutory

20 range as provided.

21        I don't think, Your Honor, that Mr. Rios has a

22 statement for you, unless he's changed his mind, so that will

23 be all from the defense, Your Honor.

24        THE COURT:  Thank you, Mr. Bell.  You and

25 Mr. Locascio have represented him very professionally.

1        Mr. Rios, I'm required by law to ask you to stand and
2    inquire, do you have any statement that you want to make to me
3    before I pass sentence in your case?
4             THE DEFENDANT:  No.
5             THE COURT:  All right.  Mr. U.S. Attorney, what says
6    the United States?
7             MR. KELLHOFER:  Your Honor, it is the Government's
8    position that this individual, Mr. Rios, is in fact -- would be
9    receiving somewhat of a break by the maximum.  As you see by
10   the guidelines, 151 months would be appropriate as a starting
11   point, and here the maximum guidelines limit that to 120, so we
12   would believe he's already receiving a great benefit,
13   particularly given the facts of this case, which the Government
14   finds extremely troubling as well.
15        This individual throughout the course of
16   approximately a year spent with confidential human sources
17   expressed his intent without variance or deviance, and it only
18   grew, to the point where the Government did feel a need to act.
19   He was going to move on this.  He was intent on obtaining a
20   weapon, he expressed that intent repeatedly, and he expressed
21   exactly why he wanted it.  The opportunity was presented for
22   him, based off his desires, to obtain a stolen weapon; notably,
23   a charge that he had previously been convicted of under
24   North Carolina law and was under probation for, possession of a
25   stolen weapon.  I won't belabor the point with regard to the

1    intent and his belief and the vitriol that he expressed with

2    regard to the American Government and American soldiers.  The

3    probation report does an excellent job of summarizing those

4    facts for you.

5            I would note that, as his counsel has just expressed,

6    he did plead, he did come to the table soon, and that was

7    appreciated, and I think the fact that he is receiving a

8    maximum statutory punishment is something here that he should

9    be very grateful for.

10           Thank you, Your Honor.

11           THE COURT:  Thank you.

12           Mr. Rios, you may stand.

13           The Court adopts the findings in the presentence

14   report as credible and reliable and based upon those findings

15   the Court has calculated the imprisonment range prescribed by

16   the advisory guidelines.  I've considered that range as well as

17   the other factors set out in 18 U.S. Code 3553(a).

18           Now, pursuant to the Sentencing Reform Act of 1984

19   and in accord with the Supreme Court decision in *United States*

20   *v. Booker*, it is the judgment of the Court that you, Erwin

21   Antonio Rios, are hereby committed to the custody of the Bureau

22   of Prisons to be imprisoned for a term of 120 months.

23           Upon your release you'll be placed on supervised

24   release for a term of three years.  Within 72 hours of release

25   you'll report in person to the probation office in the district

1  to which you're released, and while on release you shall not

2  commit another Federal, State or local crime, possess a firearm

3  or destructive device, and you shall comply with the standard

4  and the following additional conditions.

5          Number one, you'll participate as directed in a

6  program approved by your probation officer for the treatment of

7  narcotic drug or alcohol dependency, which will include testing

8  and may require residential treatment.

9          Second, you'll participate in a program of mental

10  health treatment as directed by your probation officer.

11          Third, you'll consent to a warrantless search by a

12  probation officer, or at his request any law enforcement

13  officer, of your person or premises, include anything vehicle.

14          Fourth, you'll participate in a vocational training

15  program as directed by your probation officer.

16          Finally, you'll cooperate in the collection of DNA.

17          It is ordered that you pay the special assessment of

18  $100, which is due and payable immediately.

19          Although provisions of the Victim and Witness

20  Protection Act are applicable, as there is no identifiable

21  victim in your case, restitution is not an issue.

22          It is ordered that you shall pay to the United States

23  a fine in the amount of $5,000.  The Court finds you without

24  the ability to satisfy a fine within the prescribed range or

25  pay interest; therefore, same is waived.  This is due and

1    payable immediately.

2              That concludes the statement of the sentence.

3              Mr. Probation Officer, do you know of any required

4    changes to further comply with the sentencing law?

5              MR. HARDISON:  No, Your Honor.

6              THE COURT:  Mr. Bell, on behalf of the defendant, are

7    there any remaining legal objections to the sentence as stated

8    by the Court?

9              MR. BELL:  No, Your Honor.

10             THE COURT:  Mr. U.S. Attorney?

11             MR. KELLHOFER:  No, Your Honor.

12             THE COURT:  Erwin Antonio Rios, by virtue of the

13   authority duly invested in me, I hereby impose upon you the

14   sentence I have just stated.

15             Now, Mr. Rios, I'm also required to advise you that

16   if you believe your underlying guilty plea was somehow

17   involuntary or there was some other fundamental defect in the

18   proceeding, you may have a right to appeal.  If you believe

19   that the sentence I have just imposed is contrary to law, you

20   may have a right to appeal.

21             Now, if there is a basis for appeal, you must file

22   your notice with the Clerk of this Court within 14 days of

23   today's date.  I direct Mr. Bell and/or Mr. Locascio to advise

24   you of these matters and then if there is a basis for appeal,

25   to assist you in filing the notice, and after that it would be

1   up to the Circuit Court to determine whom your appellate

2   counsel would be.

3         I wish you good luck.  That concludes your sentencing

4   hearing.

5         Marshal, you may take Mr. Rios in your custody.

6                      - - - - -

7         (Proceedings concluded at 1:28 p.m.)

8                      - - - - -

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    C E R T I F I C A T E

 2

 3           This is to certify that the foregoing transcript of

 4   proceedings taken in a sentencing hearing in the United States

 5   District Court is a true and accurate transcript of the

 6   proceedings taken by me in machine shorthand and transcribed by

 7   computer under my supervision, this 10th day of April, 2017.

 8

 9

10                                    /S/ DAVID J. COLLIER

11

12                                    DAVID J. COLLIER

13                                    OFFICIAL COURT REPORTER

14

15

16

17

18

19

20

21

22

23

24

25
```