IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CR-81-1H

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) ) v. ) ) **ORDER** ) ERWIN RIOS, ) ) Defendant. ) | |

This matter is before the court on defendant's motion for compassionate release [DE #46]. Counsel was appointed under the Standing Order, 19-SO-3, and filed a memorandum in support of the motion on defendant's behalf [DE #48]. The government responded in opposition and filed a sealed exhibit in support of its memorandum. [DE #48, #50]. Defendant filed a reply [DE #54], and this matter is ripe for adjudication.

On May 14, 2013, defendant pled guilty to a one-count criminal information to possession of a stolen firearm. The undersigned sentenced him on October 8, 2013, to a term of 120 months. Defendant has been in custody since February 8, 2013. His projected release date is August 15, 2021, and he is currently housed by the Raleigh Residential Reentry Management Field Office.

**III.    Compassionate Release Motion**

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ..., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction ...

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered ... to consider any extraordinary and compelling reason for release that a defendant

---

[1]

2

might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020)(citation omitted)(alteration in original).

There is some dispute regarding whether defendant exhausted administrative remedies prior to filing the instant motion. However, the court need not reach that issue because defendant fails to establish an extraordinary and compelling reason for a reduced sentence. The presence of COVID-19 in the federal prison system standing alone does not justify compassionate release. Further, defendant fails to establish that he is particularly susceptible to complications arising from the virus. United States v. May, No. 5:08-CR-331-1FL, 2020 WL 2497706, at *2 (E.D.N.C. May 14, 2020). Defendant is currently 27 years old with a projected release date of August 15, 2021. Nothing in his PSR

indicates he has any significant health problems, and none have been brought to the court's attention via his compassionate release motion. Additionally, the court finds the 3553(a) factors weigh against release.

Therefore, the compassionate release motion is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion for compassionate release is DENIED.

This 28th day of April 2021.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

4